Norman **COCHRAN** and Claudia Grace Cochran, Appellants,

v.

Robert **JOHNSON**, Respondent.

No. 54593.

Supreme Court of Missouri, Division No. 1.

Oct. 12, 1970.

DONALD E. DALTON, Special Judge.

This is an intersection collision case. There is a claim for injuries by plaintiff Norman Cochran and for loss of consortium by plaintiff Claudia Grace Cochran, his wife.

The collision occurred at the intersection of Walrond and 73rd Streets in Kansas City, Missouri on April 2, 1967, between 9:30 and 10:00 P.M. Plaintiff Norman Cochran was driving his automobile south on Walrond and defendant was traveling west on 73rd Street. The collision occurred in the southwest quadrant of the intersection. Plaintiffs submitted their case on the theory that defendant failed to yield the

right of way and defendant claims contributory negligence which was submitted in Instruction Number 8 on the grounds that plaintiff either (1) "failed to keep a careful lookout," or (2) "knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, but plaintiff Norman Cochran failed to do so."

The jury's verdict was in favor of defendant against both plaintiffs. Plaintiffs appeal, raising now as their sole claim of error the failure of the evidence to support the giving of Instruction Number 8. Under such circumstances we must give the evidence the benefit of any inferences, favorable to defendant, that may reasonably be drawn therefrom, and disregard plaintiffs' evidence unless it tends to support the grounds of contributory negligence submitted in the instruction. Jackson v. Skelly Oil Company, Mo.Sup., en banc, 413 S.W.2d 239, 242. When so viewed the evidence supports the giving of Instruction Number 8.

Plaintiff, Norman Cochran, testified that he approached the uncontrolled intersection at a speed of approximately 10 to 15 miles per hour. In other testimony he indicated that 60 feet north of the intersection one can see east on 73rd Street a distance of two or three hundred feet and if there were car lights one could see "six or seven hundred feet, maybe farther." On further cross-examination he answered as follows: "Q: When your car is 25 feet from the north curb line you said you looked to the left to see if anything was coming west on 73rd Street? A: Yes. Q: All right. And my question is, when you looked to the left, couldn't you see to the left or to the east about seven or eight hundred feet? A: After I got—yes," and later, "Q: All right. And when you are some 25 feet you can see that seven or eight hundred feet east on 73rd, isn't that right? A: That seven or eight hundred feet is probably a wild guess. Q: That was the truth, I think you said when I asked you

about that a minute ago. Isn't that true, Norman? A: Yes." He did not see any vehicle coming at that time. He was at about the middle of the intersection when he first saw defendant's vehicle. At that time he knew there was going to be a collision. He did not apply his brakes but attempted to get out of defendant's way. The collision occurred across the center line and on the south side of 73rd Street.

The investigating officer testified that both streets are approximately three lanes wide.

Defendant testified he was traveling at approximately 20 to 25 miles per hour approaching the intersection with his headlights turned on. When he was "a couple car lengths back from the intersection" he first saw the Cochran automobile which was then "a little more than" a "couple of car lengths" back from the intersection. Defendant applied his brakes and turned to his left.

When one is charged with the duty to look and to look is to see, he must be held to have seen what looking would have revealed. Failure on the part of a plaintiff, when a duty to look exists, to see what is plainly visible when he looks, constitutes contributory negligence. Branscum v. Glaser, Mo.Sup., 234 S.W.2d 626, 627. There was substantial evidence to support the submission of failure to keep a careful lookout.

The foregoing evidence as to lookout applies as well to the second submission of negligence, i. e., that plaintiff Norman Cochran knew or could have known that there was a reasonable likelihood of collision in time to have stopped. In addition, plaintiff Norman Cochran testified that under the conditions prevailing at the time of the collision he could have stopped in 10 to 15 feet after first observing danger. The jury could find that such plaintiff could have known of a reasonable likelihood of collision when he was at least a little more than a couple of car lengths back from the intersection and yet traveled

into and more than halfway across a three-lane street and at no time applied his brakes. His stopping distance was in evidence. Thus, there was substantial evidence upon which to submit this second issue to the jury.

The judgment is affirmed.

HOLMAN and BARDGETT, JJ., concur.

SEILER, P. J., not sitting.